UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

American Steamship Owners Mutual Protection
and Indemnity Association, Inc.

           v.

ASM Shipping Ltd. et al

------------------------------------------------- X

07 cv 9351 (CM)

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/09

### DECISION AND ORDER VACATING ATTACHMENT AND DISMISSING CASE

McMahon, J.:

    On November 2, 2009, the Court issued an order to show cause directing plaintiff to show cause why the maritime attachment in this case should not be vacated in light of Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009), and the Complaint dismissed for lack of jurisdiction. Plaintiff's arguments against vacatur and dismissal are without merit.

    First, the Court of Appeals for the Second Circuit recently decided that Jaldhi applies retroactively. Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09 2128 Civ., 2009 WL 3790654, at *2 (2d Cir. Nov. 13, 2009).

    Second, the fact that the bank restraining the funds may have transferred the funds to a separate account does not remove them from the scope of Jaldhi. "No alchemy by the bank transformed EFTs that cannot be attached into property of the defendant that can be attached." See Argus Development Inc. v. Steelcore Trading Ltd., 2009 WL 4016626 (S.D.N.Y.), November 16, 2009)(JGK).

    Third, money attached from EFT accounts are not defendant's property under New York State law. See Armada (Singapore) PTE Ltd. v. North China Shipping Co. Ltd. (BVI), 633 F.Supp.2d 168, 170 (S.D.N.Y.2009) (noting under New York state law EFTs are not attachable).

The Court has carefully considered all of the arguments presented. To the extent not specifically addressed in this Opinion they are either moot or without merit. Accordingly, the attachment order is vacated.

Plaintiff has not demonstrated any basis for asserting in personam jurisdiction over defendant. As the now-vacated EFT attachment is the only asserted basis of jurisdiction, the action must be dismissed. The Clerk of the Court is directed to terminate the motion and to close the case.

SO ORDERED:

Colleen McMahon
U.S.D.J.

Dated: December 1, 2009
       New York, New York